**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FIRST SPECIALTY INSURANCE<br>CORPORATION,<br><br>         Plaintiff,<br><br>         v.<br><br>GIFTCO, INC., PATRICK D.<br>CAVANAUGH OF HIGH RIDGE<br>PARTNERS, INC., AS TRUSTEE-<br>ASSIGNEE OF GIFTCO, INC., and<br>CATHEDRAL ART METAL CO. INC.,<br><br>         Defendants. | )<br>)<br>)<br>)<br>)   Case No.  10 C 1108<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM OPINION AND ORDER</u>

AMY J. ST. EVE, District Court Judge:

Defendant Cathedral Art Metal Co. Inc. ("Cathedral") has filed a motion to dismiss for

lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or, alternatively, to stay

or transfer the case.  Based on the Court's review of the relevant factors, the Court stays this

declaratory judgment action pending resolution of the jurisdictional issues in the related

copyright and trademark infringement action currently before the United States District Court for

the District of Rhode Island.

## BACKGROUND

### I.     Procedural History

Plaintiff First Specialty Insurance Corporation ("FSIC") filed the underlying declaratory

judgment action on February 19, 2010 seeking a declaration that it has no obligation to defend or

indemnify Giftco Inc. ("Giftco"), one of its primary insureds, in connection with a copyright and

trademark infringement lawsuit currently pending in the United States District Court for the

District of Rhode Island (the "Rhode Island Litigation").[1]  In its complaint, FSIC also has asked

the Court to declare that claims asserted under Giftco's insurance policies by the plaintiff in the

Rhode Island Litigation (Cathedral Art Metal Co. Inc., or "Cathedral") and Patrick D.

Cavanaugh (Giftco's assignee, or "Assignee"), are precluded.

The Assignee answered the complaint on July 15, 2010.  On July 16, 2010, Cathedral

filed the present motion to dismiss or, alternatively, to stay or transfer the case.

## II.    Factual Background

Defendant Cathedral is a Rhode Island corporation that makes jewelry and gift items.  On

October 23, 2006, Cathedral filed a lawsuit against Giftco and one of Giftco's distributors in the

United States District Court for the District of Rhode Island.  In that lawsuit, Cathedral alleged,

among other things, that Giftco had committed copyright and trademark infringement.

In April 2009, with the Rhode Island Litigation still pending, Giftco transferred

substantially all of its assets to an appointed assignee ("Assignee") under an Assignment for the

Benefit of Creditors and terminated its counsel.  While the parties have not affirmatively

represented Giftco's legal status (i.e. whether Giftco's Assignment for the Benefit of Creditors

constitutes a voluntary liquidation under Chapter 7 of the United States Bankruptcy Code), the

parties agree that, for all intents and purposes, Giftco is now defunct.[2]

---

[1]  The operative complaint at this juncture is the Third Amended Complaint for
Declaratory Judgment, filed on July 7, 2010.

[2]  *See* R. 33 (Def.'s Mot. to Dismiss at 2) (Giftco "no longer exists"); R. 38 (Def.'s Mem.
in Support of Mot. to Dismiss at 5) (Giftco "essentially, was gone"); R. 42 (Pl.'s Resp. at 3)
("Giftco is now defunct").  Furthermore, the Court takes judicial notice of the Rhode Island
Litigation, *see Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) (courts
may take judicial notice of "proceedings in other courts, both within and outside of the federal
judicial system, if the proceedings have a direct relation to matters at issue"), and notes that on

In September 2009, responding to a records subpoena from Cathedral, the Assignee produced "voluminous" business records that it had received from Giftco. (R. 38, Def.'s Mem. at 5.) Included among those documents were records of insurance policies that First Specialty Insurance Corporation ("FSIC") and four other insurers issued to Giftco, as early as 2005. (*Id.*) This discovery came as a surprise to Cathedral, as Giftco previously had represented that it did not possess any insurance coverage. (R. 39-1, Ex. A to Decl. of Thomas R. Noel, at 7-8.)

Cathedral filed an amended complaint in the Rhode Island Litigation on September 22, 2009, joining three of Giftco's former officers and directors – David Bagley, John Breslin, and Johnny Johnson – as defendants. On October 28, 2009, FSIC received a copy of the amended complaint from Mr. Breslin. FSIC alleges that Giftco never notified FSIC that it had been sued, and that until FSIC received the faxed complaint on October 28, 2009, it knew nothing about the Rhode Island Litigation. Cathedral has not disputed these allegations. FSIC promptly undertook an investigation into its obligations under Giftco's insurance policies,[3] and on December 9, 2009, FSIC notified the parties and the Rhode Island court that it was disclaiming defense and indemnification coverage for the claims asserted against Giftco and Mr. Bagley.[4]

---

October 23, 2009, Cathedral filed a motion seeking default against Giftco. *Cathedral v. Giftco*, No. 06-00465 (Dkt. No. 96). The Rhode Island court recorded an entry of default against Giftco on December 18, 2009. *Id.* (Dkt. No. 114.)

[3] FSIC issued Commercial General Liability Policy Nos. IRG98239, IRG98239-1, and IRG98239-3 to Giftco for the periods May 1, 2005 to May 1, 2006 ("'05-'06 Policy") and May 1, 2006 to May 1, 2007 ("'06-'07 Policy") (collectively, the "Policies"). FSIC also issued policies to Giftco outside that time frame, which are not implicated in the Rhode Island Litigation because the complaint against Giftco involves activities alleged to have occurred in 2005-2006.

[4] FSIC subsequently agreed to reimburse the reasonable and necessary defense costs of Mr. Breslin and Mr. Johnson under a full and complete reservation of rights.

In accordance with Illinois law, which requires an insurer to either (i) defend the lawsuit under a proper reservation of rights, or (ii) secure a declaratory judgment about its obligations under the policy prior to trial, *see Utica Mut. Ins. Co. v. David Agency Ins., Inc.*, 327 F. Supp. 2d 922, 927 (N.D. Ill. 2004) (citing *Employers Ins. Of Wausau v. Ehlco Liquidating Trust*, 708 N.E.2d 1122, 1134-35 (Ill. 1999)), FSIC filed the underlying declaratory judgment action in this Court. In this action, FSIC is asking the Court to declare that it has no obligation to indemnify or defend Giftco in connection with the Rhode Island Litigation because: (1) Giftco breached the Policies' reporting requirements; (2) Giftco breached the Policies' cooperation requirements; (3) the '05-'06 Policy is not implicated because its definition of "personal and advertising" injury does not encompass the allegations in Cathedral's complaint; and (4) the Policies' applicable provisions and exclusions operate to preclude coverage.[5] FSIC is also asking the Court to declare that Giftco's breach of the Policies' notification and cooperation requirements, or the Policies' applicable provisions and exclusions, preclude any claims asserted against FSIC by Cathedral and the Assignee.

On July 16, 2010, Cathedral filed the present motion to dismiss FSIC's declaratory judgment action or, alternatively, to stay or transfer the case to the United States District Court for the District of Rhode Island.

The day before Cathedral filed its motion to dismiss in this case, Cathedral filed a motion in the District of Rhode Island to permit joinder of FSIC (and Giftco's other four insurers) in the

---

[5] In its initial complaint, FSIC sought the same declaration regarding Mr. Bagley. On April 27, 2010, however, Mr. Bagley informed FSIC that he would not seek coverage under the policies and that he wished to be voluntarily dismissed from the declaratory judgment action. On June 4, the Court allowed FSIC to file an amended complaint omitting Mr. Bagley as a defendant.

Rhode Island Litigation pursuant to Rhode Island's "direct action statute." R.I. Gen. Laws § 27-7-2.4. The "direct action statute" permits an injured party to "file a complaint directly against the liability insurer of the alleged tortfeasor seeking compensation by way of a judgment for money damages whenever the alleged tortfeasor files for bankruptcy . . . provided that the complaining party shall not recover an amount in excess of the insurance coverage available for the tort complained of." *Id*. FSIC filed a limited response with the Rhode Island court, apprising the court of the present declaratory judgment action and informing the court that, if joined to the Rhode Island Litigation, it would move to dismiss or sever and stay that portion of the litigation that pertains to FSIC. (R. 42, Pl.'s Resp. at 4; *see also* R. 38, Def.'s Mem. at 2.) On August 30, 2010, the Rhode Island court granted Cathedral's motion to join Giftco's insurers in the Rhode Island Litigation. Cathedral filed its Fifth Amended Complaint in the Rhode Island Litigation on September 13, 2010, naming FSIC and four other insurers as defendants. As of the date of this ruling, FSIC has not filed an answer or a Rule 12 motion in the Rhode Island Litigation.

## ANALYSIS

In the present motion, Cathedral asks the court to dismiss the underlying declaratory judgment action under Fed. R. Civ. P. 12(b)(1) or, alternatively, to stay or transfer the case. For the following reasons, the Court stays the declaratory judgment action pending resolution of jurisdictional matters in the Rhode Island Litigation.

## I.    Diversity Jurisdiction Under 28 U.S.C. § 1332(a)

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (citation and quotation marks omitted). As such, "[e]nsuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005). As the Seventh Circuit explains, "[s]ubject matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." *Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). Furthermore, the proponent of federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) ("[The] party that chooses federal court [must] set out the basis of federal jurisdiction and prove any contested factual allegation."); *see also Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009) ("The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction.").

Although Cathedral does not dispute diversity jurisdiction, the Court notes that the § 1332(a) requirements are satisfied. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Pursuant to §1332(c)(1), a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. Plaintiff FSIC is a Missouri corporation with its principal place of business in Overland Park, Kansas. (R. 30, FSIC Third Amended Compl. ¶ 6.) At all times relevant to the Rhode Island Litigation, Giftco

was organized and existed under Illinois law, with its principal place of business in Vernon Hills, Illinois. (*Id*. at ¶ 7.) Assignee Patrick Cavanaugh of High Ridge Partners, Inc. is domiciled in Illinois, and High Ridge Partners, Inc. is an Illinois corporation with its principal place of business in Chicago, Illinois. (*Id*. at ¶ 9.) Cathedral is a Rhode Island corporation with its principal place of business in Providence, Rhode Island. (*Id*. at ¶ 10.) Cathedral does not dispute that the amount in controversy exceeds $75,000. The Court, therefore, has jurisdiction under 28 U.S.C. § 1332(a).

## II.     **The Declaratory Judgment Act, 28 U.S.C. §§ 2201** *et seq*

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201(a). "[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id*. at 288.

Cathedral asks the Court to dismiss FSIC's declaratory judgment action on two bases.

First, Cathedral asks the Court to dismiss the action insofar as it seeks a declaration of FSIC's duty to indemnify Giftco. Second, Cathedral asks the Court to decline to exercise its jurisdiction under the Declaratory Judgment Act due to the pending Rhode Island Litigation. The Court finds these requests premature. Instead, the Court will consider Cathedral's request to stay the action in light of the fact that the Rhode Island Litigation now includes FSIC as a named defendant.

The Rhode Island court granted Cathedral leave to name FSIC as a defendant in the Rhode Island Litigation, pursuant to Rhode Island's direct action statute. While the Court makes no finding as to the scope of the direct action statute, it takes judicial notice of *Rosciti v. Liberty Mutual Ins. Co.*, __ F.Supp. __, 2010 WL 3432305 (D.R.I. Aug. 30, 2010), which was decided by the same judge who is presiding over the Rhode Island Litigation.[6] In *Rosciti*, the court rejected the plaintiff's argument that the direct action statute should void or nullify the terms and conditions of the tortfeasor's insurance policies. *See id.* at *6 ("If [the direct action statute] restricted insurers' defenses to relying on the dollar amounts of policy limits, it would essentially create strict liability once the plaintiff proved damages. ... In effect, all the words in the policy would vanish . . . There is no reason to assume the statute works that way."). What this potentially means for the Rhode Island Litigation, as FSIC argues in its sur-reply, is that – in accordance with the *Rosciti* decision – Cathedral may be able to name FSIC as a defendant,[7] but

---

[6] "[I]t is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice." *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996).

[7] As the Court notes below, the Rhode Island court's personal jurisdiction over FSIC has not yet been established.

it will not be able to restrict FSIC's right to assert its coverage defenses under the applicable policies.  Put another way, if FSIC remains a defendant in the Rhode Island Litigation, it will be litigating the exact same issues in that action as it seeks to litigate in the underlying declaratory judgment action before this Court.  FSIC's assertion that Illinois law will control the disposition of the declaratory judgment action regardless of where it is brought, *see* R. 51, Pl.'s Sur-Reply at 3, bolsters the Court's conclusion that identical coverage issues between identical parties are now pending in two fora.

A district court may "stay or transfer a federal suit 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'"  *Schwarz v. National Van Lines, Inc.*, 317 F. Supp. 2d 829, 834 (N.D. Ill. 2004) (quoting *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Calvert Fire Ins. Co. v. Am. Mut. Reinsurance Co.*, 600 F.2d 1228, 1233 (7th Cir. 1979)).  District courts are accorded "a great deal of latitude and discretion" in determining whether one action is duplicative of another, but generally, a suit is duplicative if the "claims, parties, and available relief do not significantly differ between the two actions." *Serlin*, 3 F.3d at 223 (citing *Ridge Gold Standard Liquors v. Joseph Seagram*, 572 F.Supp. 1210, 1213 (N.D. Ill. 1983) (citations omitted)).  In this case, the Court and the parties agree that the two pending actions – the declaratory judgment action pending before the Court and the Rhode Island Litigation – are duplicative.

While the *Serlin* decision permits the district court to dismiss a suit under the circumstances cited above, dismissal is not proper at this juncture because the Rhode Island

court has not yet ruled as to whether it has personal jurisdiction over FSIC. Until the Rhode Island court determines that threshold jurisdictional question, any further litigation in connection with this action would be inefficient and a waste of judicial resources. Accordingly, the Court stays all litigation in this case until further order of the Court.

FSIC has represented that it will challenge its joinder to the Rhode Island Litigation on jurisdictional grounds. (R. 42, Pl.'s Resp. at 4, 7.) To date, FSIC has not filed an answer or a Rule 12(b) motion in that case. If the Rhode Island court ultimately finds that it does not have personal jurisdiction over FSIC, then the Court will terminate the stay and allow the litigation of the declaratory judgment action, including Cathedral's dismissal arguments under the present motion, to proceed. If the Rhode Island court finds that it has personal jurisdiction over FSIC, then the Court will consider the appropriate manner in which to proceed.[8]

---

[8] The Court recognizes that, in conjunction with its jurisdictional challenge, FSIC may ask the Rhode Island court to make a determination as to where the case should be heard *if* the Rhode Island court finds that it has personal jurisdiction over FSIC. The Court will assess the proper way to proceed if and when that scenario unfolds.

## CONCLUSION

Because this case and the lawsuit pending in the United States District Court for the District of Rhode Island significantly overlap, the Court stays all litigation related to this declaratory judgment action, pending resolution of threshold jurisdictional questions in the Rhode Island Litigation.

**Date:** October 21, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**